1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                  SOUTHERN DISTRICT OF CALIFORNIA
10
11   TERRY LYDELL KIRKPATRICK, SR.,  )  Civil No. 09cv2020-JM (BLM)
                                     )
12                   Plaintiff,      )  **REPORT AND RECOMMENDATION FOR**
     v.                              )  **ORDER GRANTING DEFENDANT'S**
13                                   )  **MOTION TO DISMISS**
     GUILLERMO GIRON,                )
14                                   )  **[Doc. No. 6]**
                     Defendant.      )
15   _____)
16
17        This Report and Recommendation is submitted to United States
18   District Judge Jeffrey T. Miller pursuant to 28 U.S.C. § 636(b) and
19   Local Civil Rules 72.1(c) and 72.3(f) of the United States District
20   Court for the Southern District of California.
21        On September 15, 2009, Plaintiff Terry Lydell Kirkpatrick
22   Sr., a state prisoner proceeding *pro se* and *in forma pauperis*, filed
23   this civil rights suit against Correctional Officer Guillermo Giron
24   under 42 U.S.C. § 1983.  Doc. No. 1.  Officer Giron ("Defendant")
25   filed a motion to dismiss the Complaint on December 14, 2009 for
26   failure to exhaust administrative remedies.  Doc. No. 6.  Plaintiff
27   opposed the motion on December 21, 2009 [Doc. No. 10] and Defendant
28   filed a reply on February 1, 2010 [Doc. No. 12].

1        This Court finds the issue appropriate for decision on the
2   papers and without oral argument pursuant to Local Civil Rule
3   7.1.(d)(1) (<u>see</u> Doc. No. 7) and therefore **DENIES** Plaintiff's motion
4   to participate in the hearing via telephone (Doc. No. 10 at 2).  The
5   Court has considered the Complaint, Defendant's Motion to Dismiss,
6   Plaintiff's Opposition, Defendant's Reply and all supporting
7   documents submitted by the parties.   For the reasons set forth
8   below, this Court **RECOMMENDS** that Defendant's Motion to Dismiss
9   ("MTD") be **GRANTED.**

10                           <u>BACKGROUND</u>

11        Plaintiff's claims arise from actions allegedly committed by
12  Correctional Officer Guillermo Giron while Plaintiff was an inmate
13  at R.J. Donovan State Prison. Doc. No. 1 at 1.  According to the
14  complaint, Plaintiff and Defendant were having a verbal disagreement
15  on May 24, 2009, which resulted in Plaintiff being handcuffed and
16  escorted out of the building by Defendant.  <u>Id</u>. at 3.  Plaintiff
17  alleges that while leaving the building, Defendant "slammed" him
18  into the concrete and attempted to "plant" his face in the door
19  frame, and that he only was able to avoid serious injury by turning
20  his face.  <u>Id</u>.  Plaintiff claims that once they were outside,
21  Defendant immediately began choking him and trying to shove his face
22  into the ground.  <u>Id</u>.  Plaintiff further claims that he had to roll
23  away in order to protect himself, and in doing so, forced Defendant
24  to roll off of him.  <u>Id</u>.  Defendant then tried to knee Plaintiff in
25  the chest while Plaintiff was lying on his back.  <u>Id</u>.  Plaintiff,
26  who has had past medical problems, including open heart surgery and
27  a spinal disk replacement, curled up to protect himself.  <u>Id</u>.
28  Plaintiff alleges that Defendant's conduct violated his

1   constitutional rights of free speech and freedom from cruel and
2   unusual punishment as guaranteed by the First and Eighth Amendments
3   of the United States Constitution.   Id.

4       Plaintiff seeks $20,000 in damages, $30,000 in punitive
5   damages, and injunctive relief preventing Defendant from "working
6   here on the level one yard where he is not supervised properly."
7   Id. at 5.   Plaintiff also asks that: (1) Defendant be required to
8   participate in an anger management class; (2) this incident be noted
9   in Defendant's personnel file; (3) Defendant "be taken off of the
10  min yard"; and, (4) Defendant be ordered not to retaliate against
11  Plaintiff.   Id.

12                          **<u>DISCUSSION</u>**

13      Defendant contends that Plaintiff failed to exhaust his
14  administrative remedies prior to filing a complaint in this Court
15  and that Plaintiff's complaint must therefore be dismissed.  Doc. 6-
16  1 at 1.  Defendant acknowledges that Plaintiff filed a first level
17  administrative appeal on May 29, 2009 but asserts that Plaintiff
18  subsequently withdrew the appeal.  Doc. No. 6-1 at 5.  Defendant
19  explains that when Plaintiff attempted to resubmit the appeal in
20  September 2009, it was rejected and he was told that if he wanted to
21  allege the withdrawal was committed under duress, he should "re-file
22  the appeal to the next level specifically explaining the duress."
23  Id.  Defendant argues that since Plaintiff did not resubmit his
24  appeal or file anything at the second or third levels, Plaintiff's
25  claim is not exhausted and this complaint must be dismissed.   Id.

26      Plaintiff responds that he attempted to exhaust his
27  administrative remedies, but admits that he was unsuccessful.  Doc.

28

                              -3-                    09cv2020-JM (BLM)

1    No. 10 at 2.  Plaintiff explains that he withdrew his 602[1] because

2    Lt. Moreno promised he would grant Plaintiff everything he

3    requested.  Id.  Plaintiff said he was "highly medicated" when he

4    withdrew his 602 and that Lt. Moreno subsequently failed to satisfy

5    his promises.  Id.  Plaintiff said he then attempted to resubmit his

6    602 but Lt. Alinby said he would discuss Plaintiff's complaint with

7    the Warden.  Id.  Plaintiff asserted that he failed to take further

8    action because Lt. Alinby never responded to him.  Id.  As a result,

9    Plaintiff argues that he "attempted to exhaust the use of my

10   administrative remedies to no avail."  Id.

11        The Prison Litigation Reform Act ("PLRA") of 1995 provides

12   that:

13           No action shall be brought with respect to prison
             conditions under section 1983 of this title, or any
14           other Federal law, by a prisoner confined in any jail,
             prison, or other correctional facility until such
15           administrative remedies as are available are
             exhausted.

16

17   42 U.S.C. § 1997e(a).  "Congress enacted § 1997e(a) to reduce the

18   quantity and improve the quality of prisoner suits."  Porter v.

19   Nussle, 534 U.S. 516, 524 (2002).  The United States Supreme Court

20   has confirmed that exhaustion is a mandatory prerequisite to filing

21   suit in federal court.  Id.  However, the prisoner is not required

22   to specially plead or demonstrate exhaustion in his or her complaint

23   because failure to exhaust is an affirmative defense under the PLRA.

24   Jones v. Bock, 549 U.S. 199, 216 (2007).

25        The proper vehicle for challenging a complaint based on

26

27           [1] An "Inmate/Parolee CDC 602" is the form California prisoners must
        complete to initiate a claim challenging conditions of confinement or prison
28      disciplinary action taken against them.  The filing of the CDC Form 602 initiates
        the prison administrative grievance process.  See 15 Cal. Code Regs. §3084.2(a)
        ("The appellant shall use a CDC Form 602, Inmate/Parolee Appeal Form, to describe
        the problem and action requested.").

1   failure to exhaust administrative remedies is an unenumerated motion

2   under Rule 12(b) of the Federal Rules of Civil Procedure.  Wyatt v.

3   Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  Unlike under Rule

4   12(b)(6), "[i]n deciding a motion to dismiss for a failure to

5   exhaust nonjudicial remedies, the court may look beyond the

6   pleadings and decide disputed issues of fact." Id. at 1119-20. The

7   plaintiff, however, must be provided with an opportunity to develop

8   a record to refute the defendant's prima facie showing of

9   non-exhaustion. Id. at 1120 n.14.  If the district court concludes

10  that the prisoner has failed to exhaust his or her administrative

11  remedies, and cannot do so, the claim may be dismissed with

12  prejudice[2].  See  Rowe v.  Montoya, 2010 WL 703033, *5 (E.D.Cal.

13  Feb. 25, 2010).

14       Failure to exhaust may not be waived. See Woodford, 548 U.S.

15  at 85 ("[e]xhaustion is no longer left to the discretion of the

16  district court").  The United States Supreme Court has stated that

17  "[t]here is no question that exhaustion is mandatory under the PLRA

18  and that unexhausted claims cannot be brought in court." Jones, 549

19  U.S. at 211.  A prisoner also cannot satisfy the PRLA's exhaustion

20

21  _____

22       [2]Prior to the Supreme Court's decision in Woodford v. Ngo, 548 U.S. 81,
    (2006), Ninth Circuit law directed the district court to dismiss a complaint
    without prejudice to allow the prisoner a chance to exhaust his administrative

23  remedies.  Wyatt, 315 F.3d at 1120 ("If the district court concludes that the
    prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal
    of the claim without prejudice."); see also McKinney v. Carey, 311 F.3d at 1198,

24  1199-1200 (9th Cir.2002).  However, Woodford forecloses any untimely exhaustion.
    The exhaustion requirement may not be satisfied "by filing an untimely or

25  otherwise procedurally defective administrative grievance or appeal." Woodford,
    548 U.S. at 82.  Proper exhaustion requires compliance with an agency's deadlines

26  and other critical procedural rules.  Id. at 90; see e.g., Janoe v. Garcia, 2007
    WL 1110914, at *8-9 (S.D.Cal. March 29, 2007) (dismissing complaint with

27  prejudice where a prisoner did not pursue the three-step formal review process,
    and the time to do so had expired); Regan v. Frank, 2007 WL 106537, at *4-5

28  (D.Haw. Jan.9, 2007) (dismissing plaintiff's claims with prejudice for failure
    to timely exhaust administrative remedies).

1  requirement by "filing an untimely or otherwise procedurally
2  defective administrative grievance or appeal." Woodford, 548 U.S.
3  at 83-84.   Nor can a prisoner who did not make any attempt to
4  utilize the prison grievance system sidestep the exhaustion
5  requirement by arguing that it now would be futile to attempt to
6  exhaust within the prison system.  Booth v. Churner, 532 U.S. 731,
7  741 n.6 (2001) ("we stress the point . . . that we will not read
8  futility or other exceptions into statutory exhaustion requirements
9  where Congress has provided otherwise"); see also Woodford, 548 U.S.
10 at 100 ("if the party never pursues all available avenues of
11 administrative review, the person will never be able to sue in
12 federal court").

13      As Defendant correctly explains, the California Department of
14 Corrections and Rehabilitation ("CDCR") utilizes a four-step
15 grievance process for prisoners seeking review of an administrative
16 decision or perceived mistreatment.  Vaden v. Summerhill, 449 F.3d
17 1047, 1048-49 (9th Cir. 2006); Cal. Code Regs. tit. 15,
18 §§ 3084.1-3084.6.  An inmate wishing to exhaust his or her remedies
19 must complete four steps: (1) fill out a complaint form (generally
20 referred to as a "602" form), present it to the prison official
21 involved, and attempt informal resolution; (2) if not resolved, file
22 for and receive a first formal level decision; (3) if relief is not
23 granted at the first formal level, file for and receive a second
24 formal level decision; and, (4) if relief is not granted at the
25 second level, file for and receive a third level decision from the
26 Director of Corrections.  15 C.C.R. § 3084.5.  An inmate must submit
27 his appeal "within 15 working days of the event or decision being
28 appealed, or of receiving an unacceptable lower level appeal

1    decision." 15 C.C.R. § 3084.6(c).  "Only after the administrative

2    process ends and leaves his grievances unredressed" may the inmate

3    initiate litigation in federal court.  <u>Vaden</u>, 449 F.3d at 1051.  A

4    review of the submitted records and documents establishes that

5    Plaintiff did not exhaust his administrative remedies.

6         The original incident occurred on May 24, 2009 and Plaintiff

7    filed an administrative appeal (log number RJD-1-09-00706) on May

8    29, 2009.  <u>See</u> Docs. No. 1 at 4 and 6-2 at Exhibit A.  In his

9    appeal, Plaintiff requested that he receive proper medical

10   attention, that he be compensated for the physical and mental pain

11   caused by Defendant, and that Defendant be investigated for the

12   unnecessary and excessive use of force.  <u>See</u> Doc. No. 6-2 at Exhibit

13   A.  On June 10, 2009, Plaintiff withdrew his appeal, stating:

14            I withdraw this CDC 602-09-706. I do not request any
              witnesses and I am satisfied with the response by Lt.
15            Moreno, A., and, Sgt. Omohondro, W., I talked to them
              and request and want to withdraw this 602 and any
16            related issues.  I do not want to pursue this matter
              any further.
17   <u>Id</u>.

18        When Plaintiff chose to withdraw his appeal in June 2009, he

19   stopped short of exhausting his administrative remedies.  <u>See</u> <u>Cruz</u>

20   <u>v. Tilton</u>, 2009 WL 3126518, *5 (E.D.Cal. Sept. 24, 2009) (citations

21   omitted) (stating that a "withdrawn inmate grievance cannot be used

22   to demonstrate exhaustion of administrative remedies").   While

23   Plaintiff claims that he only withdrew his complaint because he was

24   promised by Lieutenant A. Moreno and Sargent W. Omohondro that all

25   of his requests would be granted if he did so, Plaintiff has not

26   offered any evidence to support that claim.  <u>See</u> <u>Cruz</u>, 2009 WL

27   3126518 at *5.

28        On August 25, 2009, Plaintiff attempted to resubmit the May

1   29, 2009 appeal. <u>See</u> Doc. No. 6-2 at Exhibit B.  Plaintiff stated

2   that the June withdrawal occurred while he was heavily medicated and

3   under duress.  <u>Id</u>.  Plaintiff also claimed that while Lt. Moreno

4   promised that all of Plaintiff's requests would be granted if he

5   withdrew his complaint, the requests were not all granted.  Doc. No.

6   1 at 4.  Plaintiff again sought compensation for his physical and

7   mental suffering and asked that Defendant be investigated and

8   required to attend anger management and sensitivity classes.  Doc.

9   No. 6-2 at Exhibit B.

10      Plaintiff received a letter from the Inmate/Parolee Appeals

11   Coordinator dated September 1, 2009, stating that his request to

12   resubmit the appeal was untimely, and that in order to pursue the

13   matter further, he needed to submit a written explanation and

14   supporting documentation explaining the untimeliness.  <u>See</u> Doc. No.

15   6-2 at Exhibit C.  In response, on September 3, 2009, Plaintiff

16   again attempted to resubmit his May 24, 2009 appeal, stating that

17   the appeal was filed in a timely manner and was previously withdrawn

18   under duress.  <u>See</u> Docs. No. 10 at 1. and 6-2 at Exhibit D.

19      On September 17, 2009, the Inmate/Parolee Appeals Coordinator

20   informed Plaintiff that the September 3, 2009 submission was

21   rejected because it duplicated the appeal he withdrew on June 10,

22   2009.  Doc. No. 6-2 at Exhibit E.  The letter stated "If you wanted

23   to claim duress, you should have re-filed that appeal to the next

24   level with an explanation as to what the duress was."  <u>Id</u>.

25   Plaintiff took no further action in this matter under the CDCR

26   grievance process (Docs. No. 6-2 and 6-3) and on September 15, 2009,

27   he filed a complaint in this court.

28      As previously stated, an inmate must submit his appeal

1   "within 15 working days of the event or decision being appealed, or

2   of receiving an unacceptable lower level appeal decision."   15

3   C.C.R. § 3084.6(c).  Here, Plaintiff waited until August 25, 2009 to

4   resubmit his appeal.  This submission occurred approximately three

5   months after the original appeal was submitted, and more than two

6   months after Plaintiff withdrew the appeal.  As such, his

7   resubmission occurred well after the fifteen-day time frame expired

8   and therefore was untimely.  In addition, Plaintiff did not pursue

9   his apparent opportunity to cure the untimeliness by explaining the

10  alleged duress.  On two occasions, the Inmate/Parolee Appeals

11  Coordinator advised Plaintiff that his appeal was untimely and in

12  the first letter explained that if he wanted to allege duress, he

13  needed to file a new appeal explaining in writing the alleged duress

14  and how the alleged duress caused the untimely submission.  Doc. No.

15  6-2 at Exhibits C and E.  Plaintiff did not provide the requested

16  written explanation, nor the supporting documentation.  Plaintiff

17  also failed to take his complaint to the final level of review.

18  Docs. No. 6-2 and 6-3.  Because Plaintiff failed to submit his

19  appeal in a timely manner, he did not satisfy the PRLA's exhaustion

20  requirement.  See Woodford, 548 U.S at 83-83 (finding that a

21  prisoner cannot satisfy the PRLA's exhaustion requirement by "filing

22  an untimely or otherwise procedurally defective administrative

23  grievance or appeal"); see also Cruz v. Cate, 2010 WL 711197, *1

24  (9th Cir. 2010) (finding that the district court properly dismissed

25  the action where plaintiff failed to submit an inmate grievance

26  within the 15-working-day deadline); and Stewart v. Calderon, 2009

27  WL 3416127, *1 (9th Cir. 2009) (same).

28          It appears that Plaintiff believes he can bypass the

timeliness issue by designating the May 29, 2009 appeal a "Citizen's Complaint" as he repeatedly makes or emphasizes that designation. For example, when Plaintiff resubmitted his appeal in September 2009, he noted that the 602 he filed was a "citizen's complaint." Doc. No. 6-2, Exhibit D.  He also wrote across the top of the new appeal that "it was a citizen's complaint;" this phrase was not present when it was first filed.  Id; see also Doc. No. 6-2, Exhibit A.  Finally, in his complaint before this Court, Plaintiff states that he submitted and withdrew a "citizen's complaint."  Doc. No. 1 at 4.

Plaintiff's assertion that his appeal is a citizen's complaint and, therefore, entitled to more than fifteen days for submission is misplaced.  Citizen's complaints are discussed in 15 C.C.R. § 3391(b).  While 15 C.C.R. § 3391(b)[3] does allow twelve months for an allegation of misconduct to be made, the section is expressly limited to non-inmates and, therefore, does not apply to Plaintiff or his appeal.  Plaintiff was incarcerated at the time of the incident and, therefore, was required to submit his grievance within fifteen days.  15 C.C.R. § 3084.5 and 3084.6(c)

In sum, Plaintiff failed to exhaust his administrative remedies.  He voluntarily withdrew the one appeal that he filed regarding the incident with Officer Giron and placed no conditions or promises on that withdrawal.  Doc. No. 6-2 at Exhibit A.  He then waited more than fifteen days to resubmit the appeal and he failed

---

[3] 15 C.C.R. § 3391(b) states "an allegation by a non-inmate of misconduct by a departmental peace officer as defined in section 3291(b), is a citizen's complaint pursuant to Penal Code section 832.5. Citizen's complaints alleging misconduct of a departmental peace officer shall be filed within twelve months of the alleged misconduct."

1  to provide any explanation or documentation explaining the
2  untimeliness. Docs. No. 6-2 and 6-3.   Finally, while Plaintiff
3  alleged that he withdrew his complaint under duress, he never re-
4  filed his appeal with an explanation and documentation of the
5  duress. Doc. No. 6-2 at Exhibit E.

6  **CONCLUSION**

7       For all the foregoing reasons, **IT IS HEREBY RECOMMENDED** that
8  the District Court issue an Order: (1) approving and adopting this
9  Report and Recommendation and (2) granting Defendants' Motion to
10 Dismiss.

11      **IT IS HEREBY ORDERED** that any written objections to this
12 Report must be filed with the Court and served on all parties **no**
13 **later than May 26, 2010**.   The document should be captioned
14 "Objections to Report and Recommendation."

15      **IT IS FURTHER ORDERED** that any reply to the objections shall
16 be filed with the Court and served on all parties **no later than June**
17 **16, 2010.**   The parties are advised that failure to file objections
18 within the specified time may waive the right to raise those
19 objections on appeal of the Court's order. See Turner v. Duncan,
20 158 F.3d 449, 455 (9th Cir. 1998).

21
22
23 DATED:  May 5, 2010
24                              _Barbara Major_
25                              BARBARA L. MAJOR
                                United States Magistrate Judge
26
27
28